UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO,
KEVIN KNEDLER, BOB BARR,
WAYNE A. ROOT, MARK NOBLE
and MARGARET A. LEECH,

        Plaintiffs,                      Case No. _____

    v.

JENNIFER BRUNNER, in her
Official Capacity as Ohio Secretary
of State,

        Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      The plaintiffs are an alternative political party, its chairman, its candidates for President and Vice President of the United States, one of its candidates for the United States Congress, and one of its candidates for the Ohio legislature. The individual plaintiffs also sue in their capacity as electors who want to support and vote for the political party plaintiff and its candidates for public office in the general election scheduled to be held on November 4, 2008. The defendant is the chief elections officer of Ohio.

2. On February 23, 2008 the plaintiffs held a convention at which they nominated plaintiffs Noble, Leech and other candidates for public office in the 2008 general election.

3. On March 3, 2008 representatives of the plaintiffs filed with defendant a petition containing some 6,545 signatures in an attempt to qualify plaintiff Libertarian Party of Ohio ("LPO") as a minor political party entitled to run candidates for public office in 2008.

4. By letter to plaintiff Knedler dated May 22, 2008 (Exhibit A hereto), defendant rejected the petition as not in compliance with defendant's Directive 2007-09, issued on May 21, 2007 (Exhibit B hereto), which purported to require a party such as the LPO to file 20,114 petition signatures no later than November 26, 2007 in order to qualify to run candidates in 2008.

5. Plaintiffs seek declaratory and injunctive relief from defendant's refusal to validate their petition and from the ballot access restrictions on minor political parties promulgated by defendant in Directive 2007-09. They assert that defendant's refusal to grant them access to the November 4, 2008 general election ballot unduly burdens their rights to cast their votes effectively, to associate for the advancement of political beliefs, and to have equal protection of the laws. They further assert that Ohio has no state interest which makes it necessary to burden plaintiffs' rights.

## JURISDICTIION AND VENUE

6. Federal jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343 and 42

2

U.S.C. § 1983.

7. Venue lies in this district under 28 U.S.C.§ 1391(b).

PARTIES

8. Plaintiff LPO is an affiliation of voters formed for the purpose of influencing public policy by a variety of means, which include running candidates for public office and disseminating its views on policy issues through its candidates' campaigns. The LPO was founded in or about 1972 and is the Ohio affiliate of the national Libertarian Party. It seeks to become a minor political party within the meaning of Ohio Rev. Code § 3501.01(F)(3).

9. Plaintiff Kevin Knedler resides in Concord, in Delaware County, and is the LPO's chairman.

10. Plaintiffs Bob Barr and Wayne A. Root are the LPO's candidates for President and Vice President of the United States, respectively, having been nominated by the national Libertarian Party as its candidates for those offices at the Libertarian national convention on May 25, 2008.

11. Plaintiff Mark Noble resides in Columbus, in Franklin County, and wants to be listed on the November 4, 2008 general election ballot as the LPO's candidate for Representative in Congress from the 15th congressional district, having been nominated for that office at an LPO convention on February 23, 2008.

12. Plaintiff Margaret A. Leech resides in Miami Township, in Clermont County, and wants to be listed on the November 4, 2008 general election ballot as the

LPO's candidate for State Senator from the 14th senate district, having been nominated for that office at an LPO convention on February 23, 2008.

13. Defendant Jennifer Brunner is the Ohio Secretary of State and, pursuant to Ohio Rev. Code § 3501.04, is the chief elections officer of Ohio.

## FACTS

14. Ohio law provides in relevant part as follows:

    a.. Political parties nominate their candidates for public office via primary elections. Oh. Const. art. V sec. 7.

    b. Primary elections are held on the first Tuesday after the first Monday in May of each year, except that in years in which a presidential primary election is held, primary elections are held on the first Tuesday after the first Monday in March. Ohio Rev. Code §§ 3501.01(E)(1) and (2). The most recent Ohio primary election was held on March 4, 2008.

    c. A political party whose candidate for governor or nominees for presidential elector received at least five percent of the votes cast for governor or for nominees for presidential elector in the most recent general election has automatic access to the ballot in the next primary and general elections. Ohio Rev. Code § 3517.01(A).

    d. A party which received less than five percent of that vote may qualify to nominate candidates for public office (via primary election) by obtaining petition signatures of qualified electors equal in number to at least one percent of the total vote cast for governor or for nominees for presidential elector in the most recent general

4

election, and by filing such petition signatures with defendant at least 120 days before the next primary election. Ohio Rev. Code §§ 3501.01(F)(3), 3517.012 and 3501.01(E).

15. In the most recent general election, held in November 2006, 4,022,754 votes were cast for Governor of Ohio. Were it not for the Sixth Circuit's decision in *Libertarian Party of Ohio v. Blackwell,* 462 F.3d 579 (6th Cir. 2006) (*see infra*), the signature requirement for a petition to qualify a political party to nominate candidates at the March 4, 2008 primary election would have been 40,228 (4,022,754 x 0.10 = 40,227.54), and the deadline for filing such petition would have been November 5, 2007.

16. In *Libertarian Party of Ohio v. Blackwell, Id.*, the United States Court of Appeals for the Sixth Circuit ruled that the combination of Ohio's requirement that political parties nominate their candidates via primary election and its requirement that minor parties file a qualifying petition 120 days in advance of the primary election imposes "... an unconstitutional burden on [the LPO's] First and Fourteenth Amendment rights of free association, by effectively preventing it from gaining access to the general election ballot in the twelve months preceding a presidential election."

17. To date, the Ohio legislature has not amended Ohio law to fill the void in minor party qualifying procedures created by the Sixth Circuit's decision.

18. On May 21, 2007 the defendant issued Directive 2007-09 to the county boards of elections (Exhibit B), which provided, *inter alia*, that legal recognition and ballot access would be granted to any political party which obtained petition signatures of qualified electors equal in number to one-half of one percent of the total number of votes

5

cast for governor in the 2006 general election, or 20,114 signatures (4,022,754 x 0.005 = 20,113.77), and by filing such petition with defendant at least 100 days before the March 4, 2008 primary election, i.e., by November 26, 2007.

19. By administrative fiat, Directive 2007-09 purports to substitute a new requirement that a one-half percent petition be filed 100 days before the next primary election for the pre-*Libertarian Party v. Blackwell* requirement that a one percent petition be filed 120 days before the primary, and leaves intact the pre-*Libertarian Party v. Blackwell* requirement that minor parties nominate via primary election.

20. On February 23, 2008 the LPO held a convention at which plaintiffs Noble and Leech were nominated as candidates for public offices via convention as set forth in ¶¶ 11 and 12, above.

21. On March 3, 2008 representatives of the plaintiffs filed with defendant a petition containing some 6,545 signatures in an attempt to qualify the LPO as a minor political party entitled to run candidates for public office in the 2008 general election.

22. By letter to plaintiff Knedler dated May 22, 2008 (Exhibit A), defendant rejected the petition as not in compliance with Directive 2007-09 (Exhibit B).

CLAIMS

23. Plaintiffs state a claim under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States in that the defendant's refusal to grant them access to the November 2008 general election ballot, together with the restrictions on ballot access for minor political parties contained in Directive 2007-09,

6

impair plaintiffs' rights to cast their votes effectively and to associate politically, including their "constitutional right "... to create and develop [a] new political part[y]," *Norman v. Reed*, 502 U.S. 279, 288 (1992), and such impairment of plaintiffs' rights cannot be justified by a sufficient state interest.

24. Plaintiffs state a claim for attorney's fees and costs under 42 U.S.C. § 1988.

## OTHER AVERMENTS

25. By refusing to grant plaintiffs access to the ballot, and by enforcing the restrictions on minor party ballot access about which plaintiffs complain, defendant is acting under color of state law to deprive plaintiffs of speech, voting and associational rights secured by the First and Fourteenth amendments to the Constitution of the United States. Defendant is therefore liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## RELIEF REQUESTED

26. WHEREFORE, plaintifffs request the following relief:

    a. a declaration that defendant's refusal to grant plaintiffs access to the November 2008 general election ballot is unconstitutional;

    b. a declaration that the restrictions on ballot access promulgated by defendant in Directive 2007-09 (Exhibit B) are unconstitutional;

    c. a declaration that defendant is in violation of 42 U.S.C. § 1983;

    d. preliminary and permanent injunctions prohibiting defendant from refusing to grant plaintiffs access to the 2008 general election ballot or, in the alternative, prohibiting defendant from enforcing the ballot access restrictions in Directive 2007-09;

  e. reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

  f. such other and further relief as may be just and proper.

Dated: June 6, 2008

            Gary Sinawski
            180 Montague Street 26th Floor
            Brooklyn, NY 11201
            Telephone: (516) 971-7783
            Telefax: (212) 581-1516
            E-mail: gsinawski@aol.com


            s/*Mark brown*
            Mark Brown, Trial Counsel
            Ohio Registration No. 0081941
            303 East Broad Street
            Columbus, OH 43215
            Telephone: (614) 236-6590
            Telefax: (614) 236-6956
            E-mail: mbrown@law.capital.edu

            Attorneys for Plaintiffs



**JENNIFER BRUNNER**
OHIO SECRETARY OF STATE

180 East Broad Street, 15th floor
Columbus, Ohio 43215-3726 USA
Tel.: 1-614-466-2655
Fax: 1-614-644-0649
www.sos.state.oh.us

May 22, 2008

VIA E-MAIL & U.S. MAIL

Kevin Knedler, President
Libertarian Party of Ohio
2586 Tiller Lane, Suite 2 K
Columbus, OH 43231-2265

RE: Filing of March 3, 2008

Dear Mr. Knedler:

On March 3, 2008, Michael Johnston and Ann Leech of the Libertarian Party of Ohio appeared at the Ohio Secretary of State's office and presented the constitution and bylaws of the party, minutes from a February 23, 2008 convention of the party, a list of twenty presidential electors, documents for eight individuals indicating that they were nominated for U.S. Congress or for the Ohio General Assembly, and a petition to form a political party containing approximately 729 part petitions bearing approximately 6,545 signatures. I accepted the documents on behalf of the Secretary of State under the express condition that the acceptance was subject to legal review to determine whether the filing was legally valid.

As you are aware, the U.S. Court of Appeals for the Sixth Circuit held in *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579 (2006), that the Ohio Constitution's requirement in Article V, Section 7, that political parties nominate candidates by primary election in conjunction with the requirement of R.C. 3517.01(A)(1) that a petition to form a political party be filed at least 120 days before a primary election together placed an unconstitutional burden on the free speech and associational rights of political parties under the First Amendment to the U.S. Constitution. In response to this court ruling, this office issued Directive 2007-09 on May 21, 2007, providing political parties in Ohio an alternate means of ballot access. However, your representatives acknowledged that your March 3, 2008 filing did not comply with the signature requirements of Directive 2007-09.

Instead, it appears that the Libertarian Party of Ohio is following the advice of Richard Winger, based upon a February 12, 2008 letter that Mr. Winger sent to this office and identification of him in Libertarian Party of Ohio materials as an advisor on ballot access issues. While Mr. Winger has a reputation as a person who is knowledgeable about ballot access issues, he is not a licensed attorney in

1

any state, including Ohio.[1] Thus, your party's reliance on his legal advice is questionable. Moreover, his analysis and conclusions based upon his interpretation of federal case law is faulty. Mr. Winger cites to a line of case law concerning states that did not provide independent candidates ballot access unless they form a political party. *McCarthy v. Briscoe*, 429 U.S.1317 (1976); *Goldman-Frankie v. Austin*, 727 F.2d 603 (6th Cir. 1984); *Hall v. Austin*, 495 F.Supp. 782 (S.D. Mich. 1980). These cases do not concern ballot access by political parties. Even if the holdings of these cases were applied to political party ballot access, they are clearly distinguishable. In all three cases, the states involved (Michigan and Texas) provided no means of ballot access for independent candidates. After finding the statutes in question unconstitutional or finding the lack of a statutory means of ballot access unconstitutional, the court exercised its equitable remedial powers and granted the candidates ballot access without holding the candidates to a petition or signature requirement. For example, in *Hall*, the court placed the candidates on the ballot because the Michigan legislature had not passed any law granting independent candidates ballot access and because the elections official defendants acknowledged that the only means of ballot access for independent candidates in Michigan was a court order. In contrast, this office provided political parties in Ohio a means of ballot access in the form of Directive 2007-09 after the Sixth Circuit found that Ohio's law on ballot access was unconstitutional. Additionally, nothing in holdings of these federal cases states that the chief election official of a state may not act under her statutory authority to provide an administrative means of ballot access, contrary to Mr. Winger's argument.

The Libertarian Party of Ohio may continue to gather signatures to reach the 20,114 threshold to obtain party status for the 2010 primary election. Additionally, the Libertarian Party of Ohio may certify candidates for president and vice-president under R.C. 3505.10(B)(3). If your presidential and vice-presidential candidates receive a sufficient number of votes, they you will be afforded party status. Finally, I urge you to continue to work with the Ohio General Assembly to enact a new ballot access law.

You may contact me if you have any questions.

Sincerely,

Brian E. Shinn

Brian E. Shinn
Assistant General Counsel

cc: Richard Coglianese, Esq.
Michael Johnston

---

[1] Also, please be advised that if Mr. Winger is providing your party with legal advice, then his actions may constitute the unauthorized practice of law in Ohio.

2



**JENNIFER BRUNNER**
OHIO SECRETARY OF STATE

180 East Broad Street, 15th floor
Columbus, Ohio 43215-3726 USA
Tel.: 1-614-466-2655
Fax: 1-614-644-0649
www.sos.state.oh.us

# DIRECTIVE 2007-09
May 21, 2007

To: ALL COUNTY BOARDS OF ELECTIONS

Re: Access of Political Parties to the Ballot in Ohio

This directive concerns the ability of political parties to gain access to the ballot in Ohio. Under R.C. 3517.01(A)(1), only political parties whose candidates for governor in the 2006 general election received at least five percent of the total votes cast for that office automatically have access to the ballot. Moreover, under R.C. 3517.01(A)(1), a political party whose candidate for governor did not receive at least five percent of the vote cast for governor in the 2006 general election ceases to be a political party. The only political parties in Ohio that exceeded this threshold in the 2006 general election were the Ohio Democratic Party and the Ohio Republican Party.

Previously, the alternative means for political parties to be recognized by the state of Ohio and to gain access to the ballot under R.C. 3517.01(A) and 3517.012 was to file with the office of the secretary of state a petition containing the signatures of qualified electors equal to one percent of the total votes cast for governor or presidential electors in the previous general election, declaring the intention to organize a political party, stating the name of the political party, and declaring the intention to participate in the next primary election. Such a petition was to be filed more than one hundred and twenty (120) days before the next primary election for the political party to have access to the ballot that year.

However, on September 6, 2006, the United States Court of Appeals for the Sixth Circuit held in *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579 (2006), that the number of signatures required and the deadline for filing the petition under R.C. 3517.01(A)(1) placed an unconstitutional burden on the First Amendment rights of political parties seeking to gain access to the ballot in Ohio.

Because the court invalidated the provisions of R.C. 3517.01(A)(1) that provide an alternative mechanism for recognition and ballot access for political parties that did not meet the five percent threshold in the previous general election, there is now no mechanism under Ohio law for recognition and ballot access for these political parties.

In order to address this void in Ohio law, I have approached the Ohio General Assembly to urge them to act on the Sixth Circuit's ruling by amending R.C. 3517.01(A)(1) and 3517.012. However, until the General Assembly acts, there must be a means for Ohio citizens to exercise their First Amendment rights to free speech and association by organizing political parties and participating in the electoral process.

Consequently, in accordance with my role as chief election officer under R.C. 3501.04 and my duties under R.C. 3501.05, I will grant legal recognition to and allow ballot access for any political party that submits a petition to this office that meets the following requirements:

1. It contains the valid signatures of qualified electors equal in number to at least 0.5 percent of the total number of votes cast for governor in the 2006 general election, which amount is 20,114 (4,022,754 x 0.005 = 20,113.77);
2. It declares the intention to organize a political party;
3. It states the name of the political party in the declaration;
4. It declares the intent to participate in the next primary election; and
5. It is filed with the office of the secretary of state no later than one hundred (100) days before the primary election. However, because the 100th day before the March 4, 2008 primary election – i.e., November 25, 2007 – falls on a Sunday, the deadline is extended by operation of law (R.C. 1.14) to Monday, November 26, 2007.

Individuals or groups of individuals who desire to organize a political party in Ohio, but who do not intend to participate in the primary election, may certify candidates for the general election ballot for president and vice-president only, in accordance with R.C. 3505.10(B)(3). To be granted party status for the purpose of certifying only presidential and vice-presidential candidates for the general election ballot, the organizers of the political party must file with the secretary of state's office a petition that meets requirements 1 through 3 listed above. Additionally, the petition must include language that the organizers intend to certify only candidates for president and vice-president under R.C. 3505.10(B)(3). The petition must be filed no later than eighty (80) days before the 2008 general election. However, because the 80th day before the November 4, 2008 general election – i.e., August 16, 2008 – falls on a Saturday, the filing deadline is extended by operation of law (R.C. 1.14) to Monday, August 18, 2008.

Political parties that certify candidates for president and vice-president in this manner in accordance with R.C. 3505.10(B)(3) must certify the names of their candidates for president and vice-president no later than sixty (60) days before the day of the general election (Friday, September 5, 2008).

Anyone who desires to organize a political party in Ohio may follow these guidelines. However, please be aware that the Ohio General Assembly may impose different requirements for political party recognition and access to the ballot than the requirements in this directive, and any statutory changes will supersede the requirements of this directive.

If you have any questions or need additional information, please contact the Elections Division legal staff assigned to your board at 614-466-2585.

Sincerely,

Jennifer Brunner
Ohio Secretary of State