UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO,
KEVIN KNEDLER, BOB BARR,
WAYNE A. ROOT, MARK NOBLE
and MARGARET A. LEECH,

        Plaintiffs,                       Case No. 08-555

   v.                                       JUDGE SARGUS

JENNIFER BRUNNER, in her           MAGISTRATE JUDGE KING
Official Capacity as Ohio Secretary
of State,

        Defendant.
_____/

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

    1.    The plaintiffs are an alternative political party, its chairman, its candidates for President and Vice President of the United States, one of its candidates for the United States Congress, and one of its candidates for the Ohio legislature.  The individual plaintiffs also sue in their capacity as electors who want to support and vote for the political party plaintiff and its candidates for public office in the general election scheduled to be held on November 4, 2008.  The defendant is the chief elections officer of Ohio.

2. On February 23, 2008 the plaintiffs held a convention at which they nominated plaintiffs Noble, Leech and other candidates for public office in the 2008 general election.

3. On March 3, 2008 representatives of the plaintiffs filed with defendant a petition containing some 6,545 signatures in an attempt to qualify plaintiff Libertarian Party of Ohio ("LPO") as a minor political party entitled to run candidates for public office in 2008.

4. By letter to plaintiff Knedler dated May 22, 2008 (Exhibit A hereto), defendant rejected the petition as not in compliance with defendant's Directive 2007-09, issued on May 21, 2007 (Exhibit B hereto), which purported to require a party such as the LPO to file 20,114 petition signatures no later than November 26, 2007 in order to qualify to run candidates in 2008.

5. Plaintiffs seek declaratory and injunctive relief from defendant's refusal to validate their petition and from the ballot access restrictions on minor political parties promulgated by defendant in Directive 2007-09.  They assert that defendant's refusal to grant them access to the November 4, 2008 general election ballot unduly burdens their rights to cast their votes effectively, to associate for the advancement of political beliefs, and to have equal protection of the laws, and that such ballot access restrictions are prohibited by Articles I and II of the United States Constitution.  They further assert that Ohio has no state interest which makes it necessary to burden plaintiffs' rights.

JURISDICTIION AND VENUE

6. Federal jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

7. Venue lies in this district under 28 U.S.C.§ 1391(b).

PARTIES

8. Plaintiff LPO is an affiliation of voters formed for the purpose of influencing public policy by a variety of means, which include running candidates for public office and disseminating its views on policy issues through its candidates' campaigns.  The LPO was founded in or about 1972 and is the Ohio affiliate of the national Libertarian Party.  It seeks to become a minor political party within the meaning of Ohio Rev. Code § 3501.01(F)(3).

9. Plaintiff Kevin Knedler resides in Concord, in Delaware County, and is the LPO's chairman.

10. Plaintiffs Bob Barr and Wayne A. Root are the LPO's candidates for President and Vice President of the United States, respectively, having been nominated by the national Libertarian Party as its candidates for those offices at the Libertarian national convention on May 25, 2008.

11. Plaintiff Mark Noble resides in Columbus, in Franklin County, and wants to be listed on the November 4, 2008 general election ballot as the LPO's candidate for Representative in Congress from the 15th congressional district, having been nominated for that office at an LPO convention on February 23, 2008.

12. Plaintiff Margaret A. Leech resides in Miami Township, in Clermont County, and wants to be listed on the November 4, 2008 general election ballot as the LPO's candidate for State Senator from the 14th senate district, having been nominated for that office at an LPO convention on February 23, 2008.

13. Defendant Jennifer Brunner is the Ohio Secretary of State and, pursuant to Ohio Rev. Code § 3501.04, is the chief elections officer of Ohio.

## FACTS

14. Ohio law provides in relevant part as follows:

 a.. Political parties nominate their candidates for public office via primary elections.  Oh. Const. art. V sec. 7.

 b. Primary elections are held on the first Tuesday after the first Monday in May of each year, except that in years in which a presidential primary election is held, primary elections are held on the first Tuesday after the first Monday in March.  Ohio Rev. Code §§ 3501.01(E)(1) and (2).  The most recent Ohio primary election was held on March 4, 2008.

 c. A political party whose candidate for governor or nominees for presidential elector received at least five percent of the votes cast for governor or for nominees for presidential elector in the most recent general election has automatic access to the ballot in the next primary and general elections.  Ohio Rev. Code § 3517.01(A).

 d. A party which received less than five percent of that vote may qualify to nominate candidates for public office (via primary election) by obtaining

petition signatures of qualified electors equal in number to at least one percent of the total vote cast for governor or for nominees for presidential elector in the most recent general election, and by filing such petition signatures with defendant at least 120 days before the next primary election.  Ohio Rev. Code §§ 3501.01(F)(3), 3517.012 and 3501.01(E).

15. In the most recent general election, held in November 2006, 4,022,754 votes were cast for Governor of Ohio.  Were it not for the Sixth Circuit's decision in *Libertarian Party of Ohio v. Blackwell,* 462 F.3d 579 (6th Cir. 2006) (*see infra*), the signature requirement for a petition to qualify a political party to nominate candidates at the March 4, 2008 primary election would have been 40,228 (4,022,754 x 0.10 = 40,227.54), and the deadline for filing such petition would have been November 5, 2007.

16. In *Libertarian Party of Ohio v. Blackwell*, *Id.*, the United States Court of Appeals for the Sixth Circuit ruled that the combination of Ohio's requirement that political parties nominate their candidates via primary election and its requirement that minor parties file a qualifying petition 120 days in advance of the primary election imposes "... an unconstitutional burden on [the LPO's] First and Fourteenth Amendment rights of free association, by effectively preventing it from gaining access to the general election ballot in the twelve months preceding a presidential election."

17. To date, the Ohio legislature has not amended Ohio law to fill the void in minor party qualifying procedures created by the Sixth Circuit's decision.

18. On May 21, 2007 the defendant issued Directive 2007-09 to the county boards of elections (Exhibit B), which provided, *inter alia*, that legal recognition and

ballot access would be granted to any political party which obtained petition signatures of qualified electors equal in number to one-half of one percent of the total number of votes cast for governor in the 2006 general election, or 20,114 signatures (4,022,754 x 0.005 = 20,113.77), and by filing such petition with defendant at least 100 days before the March 4, 2008 primary election, i.e., by November 26, 2007.

19. By administrative fiat, Directive 2007-09 purports to substitute a new requirement that a one-half percent petition be filed 100 days before the next primary election for the pre-*Libertarian Party v. Blackwell* requirement that a one percent petition be filed 120 days before the primary, and leaves intact the pre-*Libertarian Party v. Blackwell* requirement that minor parties nominate via primary election.

20. On February 23, 2008 the LPO held a convention at which plaintiffs Noble and Leech were nominated as candidates for public offices via convention as set forth in ¶¶ 11 and 12, above.

21. On March 3, 2008 representatives of the plaintiffs filed with defendant a petition containing some 6,545 signatures in an attempt to qualify the LPO as a minor political party entitled to run candidates for public office in the 2008 general election.

22. By letter to plaintiff Knedler dated May 22, 2008 (Exhibit A), defendant rejected the petition as not in compliance with Directive 2007-09 (Exhibit B).

CLAIMS

23. Plaintiffs state a claim under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States in that the defendant's refusal to

grant them access to the November 2008 general election ballot, together with the restrictions on ballot access for minor political parties contained in Directive 2007-09, impair plaintiffs' rights to cast their votes effectively and to associate politically, including their "constitutional right "... to create and develop [a] new political part[y]," *Norman v. Reed*, 502 U.S. 279, 288 (1992), and such impairment of plaintiffs' rights cannot be justified by a sufficient state interest.

24. Plaintiffs state a claim under 42 U.S.C. § 1983 and Articles I and II of the Constitution of the United States in that Articles I and II prohibit defendant from enacting laws regulating federal elections.

25. Plaintiffs state a claim for attorney's fees and costs under 42 U.S.C. § 1988.

## OTHER AVERMENTS

26. By refusing to grant plaintiffs access to the ballot, and by enforcing the restrictions on minor party ballot access about which plaintiffs complain, defendant is acting under color of state law to deprive plaintiffs of speech, voting and associational rights secured by the First and Fourteenth amendments to the Constitution of the United States.  Defendant is therefore liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## RELIEF REQUESTED

27. WHEREFORE, plaintifffs request the following relief:

    a. a declaration that defendant's refusal to grant plaintiffs access to the November 2008 general election ballot is unconstitutional;

    b. a declaration that the restrictions on ballot access  promulgated by

defendant in Directive 2007-09 (Exhibit B) are unconstitutional;

      c.     a declaration that defendant is in violation of 42 U.S.C. § 1983;

      d.     preliminary and permanent injunctions prohibiting defendant from refusing to grant plaintiffs access to the 2008 general election ballot or, in the alternative, prohibiting defendant from enforcing the ballot access restrictions in Directive 2007-09;

      e.     reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

      f.     such other and further relief as may be just and proper.

Dated: June 16, 2008

                  Gary Sinawski
                  180 Montague Street 26th Floor
                  Brooklyn, NY 11201
                  Telephone: (516) 971-7783
                  Telefax: (212) 581-1516
                  E-mail: gsinawski@aol.com


                  s/*Mark Brown*
                  Mark Brown, Trial Counsel
                  Ohio Registration No. 0081941
                  303 East Broad Street
                  Columbus, OH 43215
                  Telephone: (614) 236-6590
                  Telefax: (614) 236-6956
                  E-mail: mbrown@law.capital.edu

                  Attorneys for Plaintiffs