IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Brian Moore, et al,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:08-cv-224 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| **Jennifer Brunner** | : | |
| **Ohio Secretary of State** | : | |
| | : | |
| Defendant | : | |

_____

| | | |
|---|---|---|
| **Libertarian Party of Ohio,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:08-cv-555 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| **Jennifer Brunner** | : | |
| **Ohio Secretary of State,** | : | |
| | : | |
| Defendant | : | |

**MOTION TO CONSOLIDATE
OF DEFENDANT SECRETARY OF STATE JENNIFER BRUNNER**

Defendant Jennifer Brunner, in her official capacity as Ohio Secretary of State, respectfully moves the Court for an Order consolidating *Moore v. Brunner*, Case No. 2:08-cv-224, with *Libertarian Party of Ohio v. Brunner*, Case No. 2:08-cv-555, for resolution by Judge Sargus.  This request is justified by the urgent need to avoid inconsistent legal rulings in the short amount of time remaining before candidates and issues for ballots for the November 2008 general election must be certified by the Secretary of State and prepared and printed by the county boards of elections.  Counsel for plaintiff Libertarian Party, Mr. Brown, has been

contacted and has indicated that he will not oppose the motion to transfer Case No. 2:08-cv-224 to Judge Sargus' docket.

> Respectfully submitted,
>
> **NANCY H. ROGERS**
> **ATTORNEY GENERAL OF OHIO**
>
> */s Damian W. Sikora*_____
> Richard N. Coglianese (0066830)
> Damian W. Sikora (0075224)
> Pearl M. Chin (0078810)
> Aaron D. Epstein (0063286)
> Assistant Attorneys General
> Constitutional Offices Section
> 30 East Broad Street, 16th Floor
> Columbus, Ohio 43215
> 614-466-2872
> 614-728-7592 (Fax)
>
> Counsel for Defendant
> Ohio Secretary of State Jennifer Brunner

2

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO CONSOLIDATE**

I.  **The Two Cases Present Identical Legal Issues**

  A.  *Libertarian Party v. Brunner*

On June 6, 2008, the Libertarian Party of Ohio and five other plaintiffs filed suit against the Ohio Secretary of State to challenge the constitutionality of Secretary Brunner's Directive 2007-09.  Secretary Brunner issued Directive 2007-09 in light of (1) the Sixth Circuit's decision in *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579 (6th Cir. 2006), in which the Court of Appeals struck down Ohio's minor party ballot access laws as unconstitutional and (2) the General Assembly's failure to cure the state law's constitutional deficiency by enacting new laws to fill the resulting void.  The General Assembly passed no legislation in response to the Court's ruling, which left Ohio without statutory rules for regulating ballot access in the wake of the circuit court's decision.

In attempting to administer the state's election laws in this unusual and untenable situation, Secretary Brunner utilized her authority under R.C. 3501.05 as the state's chief elections officer, to issue Directive 2007-09 to fill the void and provide some structure and consistency with the lack of legislative guidance offered by the Ohio General Assembly.  Under the now unconstitutional version of the law, R.C. 3517.01(A)(1), a minor party seeking to secure a spot on the ballot had to file a petition no later than 120 days before the primary election, and the petition had to contain signatures in an amount equal to one percent of the total vote cast in the previous election.  When this statute was ruled unconstitutional by the circuit court, Secretary Brunner, by directive, increased the time for filing petitions, by moving the deadline up to 100 days before the primary, and cut the required number of signatures required in half in an attempt to allow ballot access to minor parties in conformity with the court's decision but to permit this

3

to occur in an orderly fashion without ballots being "clogged" with a myriad of political parties whose qualifying indicia of requisite community support (to enable ballot access) are nonexistent for a lack of appreciable qualifying standards.

On July 17, 2008, Judge Sargus struck down Directive 2007-09 and its application. Applying the Sixth Circuit's analysis in the first *Libertarian Party* case, Judge Sargus ruled that the less burdensome ballot access rules contained in Directive 2007-09 continued to unduly burden First Amendment rights.[1] Judge Sargus issued a preliminary injunction and ordered Secretary Brunner to place the named plaintiffs on the November 2008 ballot with the Libertarian Party of Ohio designation.

### B. *Moore v. Brunner*

Plaintiff, Brian Moore, presidential candidate of the Socialist Party USA, filed a complaint alleging that he intended to run as an independent candidate. Mr. Moore and his co-plaintiffs sought a declaration that the restrictions on circulators of part-petitions in R.C. 3503.06(A) were unconstitutional.[2] On June 2, 2008, Judge Frost issued a preliminary injunction barring the Secretary from applying R.C. 3503.06(A) to disqualify petitions circulated by unregistered voters and/or non-residents. That decision still left Mr. Moore and his supporters with the burden of collecting sufficient valid petition signatures.

However, after Judge Sargus issued his decision in *Libertarian Party*, the *Moore* plaintiffs sought leave to amend their complaint to add a challenge to Directive 2007-09.[3] In the proposed Second Motion for Preliminary Injunction, Mr. Moore and his Vice-Presidential

---

[1] Alternatively, Judge Sargus ruled that under the United States Constitution, Articles I and II, the Secretary could not create a structure for minor party ballot access, at least with regard to candidates for federal office, in the absence of an express delegation of authority from the Ohio General Assembly to do so.
[2] R.C. §3503.06(A) requires that petition circulators be both Ohio residents and Ohio registered voters.
[3] Secretary Brunner does not oppose the motion for leave to amend, but notes, as a matter of case administrative reference, that the motion has not at this juncture been granted.

candidate, Stewart Alexander, seek automatic placement on the ballot, as well as identification on the ballot as the Socialist Party candidates (abandoning their prior professed intention to run as independents). Thus, although initially brought to establish a different legal principle, the *Moore* case now squarely raises an issue identical to that raised in *Libertarian Party*.

## II. Consolidation Is Necessary To Ensure That Ballot Access Is Subject To Consistent Requirements

Even though Ohio currently has no ballot access statute and the Secretary of State's Directive attempting to bridge that gap has also been nullified, it does not follow that Ohio must allow any and every name on the 2008 ballot. The state has an interest in keeping ballots within manageable, understandable limits because "laundry list" ballots discourage voter participation and confuse and frustrate those who do participate. *Lubin v. Panish*, 415 U.S. 709, 715 (1974).

Judge Sargus' opinion notes that a minor party seeking ballot access must demonstrate "the requisite community support," and concludes that the Libertarian Party met its burden. However, the opinion provides no guidelines to help determine what the "requisite" amount of "community support" might be, or how to measure or quantify that support. To the contrary, Judge Sargus specifically stated that "the Court will not prescribe Constitutional election procedures for the state." [Opinion, p. 14].

Given the unfortunate state of Ohio's minor party ballot access laws, the best way to ensure some measure of consistency in ballot access is to have a single judge decide the claims of minor parties alleging "the requisite community support" to be on the ballot.

## III. Consolidation Is Justified By The Short Amount Of Time Remaining Before The Election

The 2008 election is rapidly approaching, and the Secretary of State faces deadlines in the very near future that must be met to ensure an orderly election process. Specifically, the

5

deadline for candidates to submit nominating petitions is August 21, 2008, and affected county boards of elections must certify the petition signatures within seven days thereafter. R.C. 3513.251; R.C. 3513.263. Under R.C. §3501.01, the Secretary must certify the form of the official ballots no later than September 5, 2008. And by September 30, 2008, the absentee ballots must be ready for distribution. R.C. 3509.01.

Given these impending deadlines, there is insufficient time to seek appellate review of enough cases to establish a workable framework. Given the fact-specific nature of the inquiry, it is likely that different judges may apply different frameworks and arrive at inconsistent conclusions. Meanwhile, the lack of objective criteria creates uncertainty for candidates, leaving the Secretary in a position once again to make decisions with no clear guidance from statute or case precedent and will almost certainly result in extra litigation.

While there is no question that it was the General Assembly's responsibility, in the first instance, to provide a new statutory framework for minor party access to Ohio elections, the plain fact is that the legislature has not done so, and there is an election looming. By making this request, the Secretary is not asking Judge Sargus or any other judge of this Honorable Court to create election procedures. That responsibility belongs to the General Assembly and to the Secretary of State. Rather, recognizing that these cases do exist and must be decided, the Secretary believes that consolidation would ensure consistent outcomes, which would serve the interest of Ohio voters in a fair process and promote confidence in the electoral system.

**IV.     Conclusion**

As previously noted, opposing counsel does not oppose the Secretary's request for consolidation. In light of this acquiescence, and for the reasons set forth herein, Defendant, Ohio Secretary of State Jennifer Brunner respectfully asks that the Court grant her motion to consolidate and transfer the *Moore* case to Judge Sargus' docket in the *Libertarian Party* case for resolution.

Respectfully submitted,

**NANCY H. ROGERS**
**ATTORNEY GENERAL OF OHIO**


*/s Damian W. Sikora*_____
Richard N. Coglianese (0066830)
Damian W. Sikora (0075224)
Pearl M. Chin (0078810)
Aaron D. Epstein (0063286)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
614-466-2872
614-728-7592 (Fax)

Counsel for Defendant
Ohio Secretary of State Jennifer Brunner


**CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic notification system on this 25th day of July, 2008.


*/s Damian W. Sikora*____