**In The United States District Court**
**For The Southern District of Ohio**
**Eastern Division**

**Libertarian Party of Ohio,**

    **Plaintiffs,**

  vs.                                               Case No. 2:08-cv-555

**Jennifer Brunner,**                                **Judge Sargus**

    **Defendant.**

### Answer

Now comes Ohio Secretary of State Jennifer Brunner and for her answer to the Plaintiffs' Complaint, states the following:

1. Denies each and every allegation not specifically admitted to herein.

2. With respect to the allegations contained in Paragraph 1 of the Complaint, admits that the Secretary of State is the chief elections officer of Ohio. The Secretary denies for lack of knowledge the remaining allegations contained in Paragraph 1 of the Complaint.

3. Denies for lack of knowledge the allegations contained in Paragraph 2 of the Complaint.

4. Admits the allegations contained in Paragraph 3 of the Complaint.

5. Admits the allegations contained in Paragraph 4 of the Complaint.

6. With respect to the allegations contained in Paragraph 5 of the Complaint, denies that the Plaintiffs are entitled to any relief prayed for in the Complaint or to any relief whatsoever. With respect to the remaining allegations contained in Paragraph 5 of the Complaint, admits that the Plaintiffs have attempted to assert that the ballot

|     | |
| --- | --- |
|     | access restrictions are prohibited by Articles I and II of the United States Constitution and that Ohio has no state interest, but denies said assertions. |
| 7.  | With respect to the allegations contained in Paragraph 6, admits that the Plaintiffs have attempted to invoke the Court's jurisdiction under the statutes cited but denies that the Plaintiffs have successfully stated a cause of action over which this Court would have jurisdiction. |
| 8.  | Admits the allegations contained in Paragraph 7 of the Complaint. |
| 9.  | Denies for lack of knowledge the allegations contained in Paragraph 8 of the Complaint. |
| 10. | Denies for lack of knowledge the allegations contained in Paragraph 9 of the Complaint. |
| 11. | Denies for lack of knowledge the allegations contained in Paragraph 10 of the Complaint. |
| 12. | Denies for lack of knowledge the allegations contained in Paragraph 11 of the Complaint. |
| 13. | Denies for lack of knowledge the allegations contained in Paragraph 12 of the Complaint. |
| 14. | Admits the allegations contained in Paragraph 13 of the Complaint. |
| 15. | With respect to the allegations contained in sub-part a of Paragraph 14 of the Complaint, states that the Ohio Constitution speaks for itself and needs no interpretation, but to the extent that it does, denies the allegations. |
| 16. | With respect to the allegations contained in sub-part b of Paragraph 14 of the Complaint, admits that the most recent Ohio primary election was held on March 4, |

2008.  With respect to the remaining allegations contained in sub-part b of Paragraph 14 of the Complaint, states that the Ohio Revised Code speaks for itself and needs no interpretation, but to the extent that it does, denies the allegations.

17. With respect to the allegations contained in sub-part c of Paragraph 14 of the Complaint, states that the Ohio Revised Code speaks for itself and needs no interpretation, but to the extent that it does, denies the allegations.

18. With respect to the allegations contained in sub-part d of Paragraph 14 of the Complaint, states that the Ohio Revised Code speaks for itself and needs no interpretation, but to the extent that it does, denies the allegations.

19. With respect to the allegations contained in Paragraph 15 of the Complaint, admits that 4,022,754 votes were cast for Governor of Ohio in the most recent general election held in November 2006.  With respect to the remaining allegations contained in Paragraph 15 of the Complaint, to the extent that the Plaintiff is attempting to characterize the Sixth Circuit Court of Appeals decision *Libertarian Party of Ohio v. Blackwell*, states that the Plaintiffs have alleged a legal conclusion, and no responsive pleading is required.  The Secretary, to the extent that the remaining allegations do require a response, denies the allegations.

20. With respect to the allegations contained in Paragraph 16 of the Complaint, to the extent that the Plaintiff is attempting to characterize the Sixth Circuit Court of Appeals decision *Libertarian Party of Ohio v. Blackwell*, states that Plaintiffs have alleged a legal conclusion, and no responsive pleading is required.  The Secretary, to the extent that the allegations do require a response, denies the allegations.

21. Admits the allegations contained in Paragraph 17 of the Complaint.

22. With respect to the allegations contained in Paragraph 18 of the Complaint, admits that the Secretary of State issued Directive 2007-09 to the county boards of elections on May 21, 2007. With respect to the remaining allegations contained in Paragraph 18 of the Complaint, states that the Secretary of State's Directive 2007-09 speaks for itself and needs no interpretation, but to the extent that it does, denies the allegations.

23. With respect to the allegations contained in Paragraph 19 of the Complaint, states that the Secretary of State's Directive 2007-09 speaks for itself and needs no interpretation, but to the extent that it does, denies the allegations

24. Denies for lack of knowledge the allegations contained in Paragraph 20 of the Complaint.

25. Admits the allegations contained in Paragraph 21 of the Complaint.

26. Admits the allegations contained in Paragraph 22 of the Complaint.

27. With respect to the allegations contained in Paragraph 23 of the Complaint, admits that the Plaintiffs have attempted to state a claim but denies that the Plaintiffs have successfully stated such a claim.

28. With respect to the allegations contained in Paragraph 24 of the Complaint, admits that the Plaintiffs have attempted to state a claim but denies that the Plaintiffs have successfully stated such a claim.

29. With respect to the allegations contained in Paragraph 25 of the Complaint, admits that the Plaintiffs have attempted to state a claim but denies that the Plaintiffs have successfully stated such a claim.

30. With respect to the allegations contained in Paragraph 26 of the Complaint, states that the Plaintiffs have alleged a legal conclusion and no responsive pleading is

        required, but to the extent that the allegations do require a response, denies the allegations.

31.    With respect to the allegations contained in Paragraph 27 and all of its sub-parts, denies that the Plaintiffs are entitled to any relief prayed for in the Complaint or to any relief whatsoever.

WHEREFORE, having answered the Plaintiffs' complaint, Defendant Ohio Secretary of State Jennifer Brunner raises the following defenses, including affirmative defenses.

32.    The Plaintiffs have failed to state a claim upon which relief can be granted.

33.    Directive 2007-09 is constitutional.

34.    The Plaintiffs have failed to demonstrate that they have a modicum of support in the State of Ohio.

35.    The State of Ohio has a strong interest in regulating its ballot.

36.    Directive 2007-09 is a neutral and evenly applied ballot access regulation.

37.    The Secretary reserves the right to add additional defenses, including affirmative defenses, as discovery proceeds in this case.

WHEREFORE, the Secretary prays that this complaint be dismissed and she be awarded her costs for defending this action.

    Respectfully submitted,

    Nancy H. Rogers
    Attorney General

    */s Richard N. Coglianese*
    Richard N. Coglianese (0066830)
    Damian W. Sikora (0075224)
    Assistant Attorneys General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    614-466-2872

**Certificate of Service**

This is to certify a copy of this answer has been served upon all counsel of record by means of the Court's electronic filing system on this 7th day of August, 2008.

*/s Richard N. Coglianese*
Richard N. Coglianese (0066830)
Assistant Attorney General
