IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Cynthia McKinney, et al,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:08-cv-819 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| **Jennifer Brunner** | : | |
| **Ohio Secretary of State** | : | |
| | : | |
| Defendant | : | |

_____

| | | |
|---|---|---|
| **Libertarian Party of Ohio,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:08-cv-555 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| **Jennifer Brunner** | : | |
| **Ohio Secretary of State,** | : | |
| | : | |
| Defendant | : | |

### MOTION OF DEFENDANT, JENNIFER BRUNNER, SECRETARY OF STATE TO CONSOLIDATE

Defendant Jennifer Brunner, in her official capacity as Ohio Secretary of State, respectfully moves the Court for an Order consolidating *McKinney v. Brunner*, Case No. 2:08-cv-819, with *Libertarian Party of Ohio v. Brunner*, Case No. 2:08-cv-555, for resolution by Judge Sargus.  As was true when this Court granted a motion to consolidate *Libertarian Party* with another election case, *Moore v. Brunner,* this request is justified by the urgent need to ensure consistent legal rulings in the short amount of time remaining before ballots for the November, 2008 election must be certified by the Secretary of State and finalized and printed by

the county boards of elections. Interests of judicial economy also weigh in favor of consolidation. A Memorandum of Law in support of the Motion is attached.

Respectfully submitted,

**NANCY H. ROGERS**
**ATTORNEY GENERAL**

*/s Richard N. Coglianese*
Richard N. Coglianese, Trial Attorney (0066830)
Damian W. Sikora (0075224)
Pearl M. Chin (0078810)
Aaron D. Epstein (0063286)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
614-466-2872
614-728-7592 (Fax)

Counsel for Defendant
Ohio Secretary of State Jennifer Brunner

2

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO CONSOLIDATE

**I.     The Two Cases Present Identical Legal Issues**

    **A.**     *Libertarian Party v. Brunner*

On June 6, 2008, the Libertarian Party of Ohio and five other plaintiffs filed suit against the Ohio Secretary of State to challenge the constitutionality of Secretary Brunner's Directive 2007-09.  Secretary Brunner issued Directive 2007-09 in light of (1) the Sixth Circuit's decision in *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579 (6th Cir. 2006), in which the Court of Appeals struck down Ohio's minor party ballot access laws as unconstitutional and (2) the General Assembly's failure to enact new laws to fill the resulting void.  The General Assembly passed no new legislation in response to the Court's ruling, which left Ohio without statutory rules for regulating ballot access.

Pursuant to her authority as the State's chief elections official, Secretary Brunner stepped into the breach and issued Directive 2007-09.  Under the old law, R.C. §3517.01(A)(1), a minor party seeking to secure a spot on the ballot had to file a petition no later than 120 days before the primary election, and the petition had to contain signatures in an amount equal to one percent of the total vote cast in the previous election.  Secretary Brunner's Directive increased the time for filing petitions, by moving the deadline up to 100 days before the primary, and cut the required number of signatures required in half.

On July 17, 2008, Judge Sargus struck down Directive 2007-09.  Applying the Sixth Circuit's analysis in the first *Libertarian Party* case, Judge Sargus ruled that the less burdensome ballot access rules contained in Directive 2007-09 continued to unduly burden First Amendment

3

rights.[1] Judge Sargus issued a preliminary injunction and ordered Secretary Brunner to include the Libertarian Party and its candidates on the 2008 general election ballot.

      **B.**    *<u>Moore v. Brunner</u>*

Brian Moore and other members of the Socialist Party USA, filed a complaint seeking access to the November ballot. The case was first assigned to Judge Frost, but later consolidated with *Libertarian Party*. On August 21, 2008, Judge Sargus issued an Order commanding the Secretary of State to place the names of the Socialist Party candidates on the November ballot.

      **C.**    *<u>McKinney v. Brunner</u>*

This case presents the same legal issue as the first two: the enforceability of the Secretary's Directive. Based on Judge Sargus' prior ruling, the plaintiffs seek immediate access to the ballot as Presidential and Vice-Presidential candidates for the Green Party of the United States, despite the fact that the Green Party has filed no paperwork of any kind to appear on the ballot, much less had such a request denied.

**II.**    **Consolidation Is Necessary To Ensure That Ballot Access Is Subject To Consistent Requirements**

Even though Ohio currently has no ballot access statute and the Secretary of State's Directive attempting to bridge that gap has also been struck down, it does not follow that Ohio must allow any and every name on the 2008 ballot. The state has an interest in keeping ballots within manageable, understandable limits because "laundry list" ballots discourage voter participation and confuse and frustrate those who do participate. *Lubin v. Panish*, 415 U.S. 709, 715 (1974).

---

[1] Alternatively, Judge Sargus ruled that under the United States Constitution, Articles I and II, the Secretary could not create a structure for minor party ballot access, at least with regard to candidates for federal office, in the absence of an express delegation of authority from the Ohio General Assembly to do so.

Judge Sargus' opinion notes that a minor party seeking ballot access must demonstrate "the requisite community support," and concludes that the Libertarian Party met its burden. However, the opinion does not provide express guidelines to help determine what the "requisite" amount of "community support" might be, or how to measure or quantify that support. To the contrary, Judge Sargus specifically stated that "the Court will not prescribe Constitutional election procedures for the state." [Opinion, p. 14].

Given the unfortunate state of Ohio's minor party ballot access laws, the best way to ensure some measure of consistency in ballot access is to have a single judge decide the claims of minor parties alleging "the requisite community support" to be on the ballot.

### III. Consolidation Is Justified By The Short Amount Of Time Remaining Before The Election

The 2008 election is rapidly approaching, and the Secretary of State has deadlines in the very near future which must be met to ensure an orderly election. The August 21, 2008 deadline for candidates to submit nominating petitions has already passed, and today, August 28, 2008, is the deadline by which County Boards must certify the petition signatures. R.C. §3513.251; R.C. §3513.263. Under R.C. §3501.01, the Secretary must certify the form of the official ballots no later than September 5, 2008. And by September 30, 2008, the absentee ballots must be ready for distribution. R.C. §3509.01.

Given these tight deadlines, there is simply not enough time to seek appellate review of enough cases to establish a workable framework. Given the fact-specific nature of the inquiry, it is likely that different judges may apply different frameworks and arrive at inconsistent conclusions. Meanwhile, the lack of objective criteria will complicate the Secretary's job and almost certainly result in extra litigation.

While there is no question that it was the General Assembly's responsibility, in the first instance, to provide a new statutory framework for Ohio elections, the fact is that the legislature has not done so and there is an election coming.  By making this request, the Secretary is not asking Judge Sargus or any other judge of this Honorable Court to create election procedures.  That responsibility belongs to the General Assembly and to the Secretary of State.  Rather, recognizing that these cases do exist and must be decided, the Secretary believes that consolidation would ensure consistent outcomes, which would serve the interest of Ohio voters in a fair process and promote confidence in the electoral system.

## IV     Consolidation Is Justified By Considerations of Judicial Economy

Interests of judicial economy also support consolidation, as Judge Sargus has already considered controlling precedent to resolve two other cases raising the same legal issues as in the case at bar and has authored two recent opinions that qualify as precedent.

## IV.     Conclusion

For the reasons set forth herein, defendant, Ohio Secretary of State Jennifer Brunner respectfully asks that the Court grant the motion and transfer the *McKinney* case to Judge Sargus' docket for resolution.

Respectfully submitted,

**NANCY H. ROGERS**
**ATTORNEY GENERAL**

*/s Richard N. Coglianese*
Richard N. Coglianese, Trial Attorney (0066830)
Damian W. Sikora (0075224)
Pearl M. Chin (0078810)
Aaron D. Epstein (0063286)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
614-466-2872
614-728-7592 (Fax)

Counsel for Defendant
Ohio Secretary of State Jennifer Brunner

## CERTIFICATE OF SERVICE

This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic notification system on this 29th day of August, 2008.

*/s Richard N. Coglianese*